ORDER ON REVIEW EN DANE

On March 24, 2003, this Court granted review en bane of the Order of the Honorable Justice Matlock, dated January 21, 2002, wherein the Court held:
1. That Paragraph 3.3(B) of the contract of employment between the Petitioner and the Respondent was repugnant to the public policy set forth in Article XII of the Constitution of the Cherokee Nation (1975) *77 and Title 51, Chapter 10, Section 1001 et seq., of the Cherokee Nation Code Annotated;
2. That Title 51, Chapter 10, Section 1001 et seq., of the Cherokee Nation Code Annotated applies to Petitioner’s renewable written contract with the Cherokee Nation; and
3. That the Petitioner must exhaust her administrative remedies prior to seeking relief in the Judicial Appeals Tribunal.
The Petitioner, Jan Wells, was first employed with the Cherokee Nation in July, 1994 and had most recently entered into a 5-year employment contract with the Cherokee Nation on August 8, 1997, which contained a “Unilateral Termination Without Cause” provision at Paragraph 6(B) thereof, allowing termination of the Agreement by either party without cause upon 60 days written notice. On January 28, 1998, the Respondent exercised the right of termination under the Agreement with a calculated termination date of April 24, 1998. Petitioner initiated an appeal of her termination with the Cherokee Nation District Court on March 15, 2000, which was subsequently dismissed for lack of jurisdiction on November 29, 2000. On January 15, 2001, Petitioner sought an appeal of the termination directly with this Court. Justice Matlock dismissed the Appeal upon the basis of the Order reviewed herein. The Petitioner at no time has sought review by the Cherokee Nation Employee Appeals Board.
Article XII of the Constitution of this Nation (1975), provides that no employee who has served in employment for one (1) year can be terminated except for cause. Further, by the passage of LA 12-96 (The Employee Administrative Procedures Act), the Council provided at Section 1004(4) thereof that an “employee” includes persons who have been directly employed by the Cherokee Nation for at least one continuous year immediately pri- or to termination of employment, “including such employees who have renewable contracts with the Cherokee Nation.” The Petitioner was an employee who enjoyed the protections of both the Constitutional provision and the cited Statute. This Court agrees that the enforcement of the Unilateral Termination Paragraph of the Agreement would be repugnant to public policy as provided in Article XII of the Constitution. However, upon reconsideration en banc, we do not go so far as to adopt the prohibition cited at Article 23, § 8 of the Oklahoma Constitution, to-wit: “Any provision of a contract, express or implied, made by any person, by which any of the benefits of this Constitution is sought to be waived, shall be null and void.” Rather, we find that a contracted employee may knowingly waive the protections and rights granted by Article XII of the Constitution (1975) and Chapter 10, § 1001, et seq., CNCA, provided there is clear and adequate notice of such waiver contained in the terms of the employment agreement. In the case of the Agreement in question herein, the language was wholly insufficient to notify the employee of such waiver. The waiver cannot be implied and must be unequivocally stated to be effective.
We specifically affirm that Title 51, Chapter 10, Section 1001 et seq., of the Cherokee Nation Code Annotated applies to Petitioner’s renewable written contract with the Cherokee Nation and that the Petitioner must exhaust her administrative remedies prior to seeking relief in the Judicial Appeals Tribunal. Justice Mat-lock’s Order makes reference to Paragraph 3.3(B) of the Agreement as containing the unilateral Termination provision and a 90 day notice requirement. Our review indicates that: the correct provision is *78 Paragraph (5(B) with a 60 day written notice requirement. (See Petitioner’s Brief in Support of Objection to Dismissal, Exhibit 1). In all other respects the Order of Justice Matlock is hereby AFFIRMED. The Petitioner is granted 20 days from the date hereof.to perfect her: appeal before the Cherokee Nation Employee Appeals Board.